# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| THE JONES COMPANY HOMES, LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV1965MLM |
| | ) | |
| LABORERS' INTERNATIONAL UNION | ) | |
| OF NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendant Laborers' International Union of North America ("LIUNA"). Doc.7. Plaintiff The Jones Company Homes, LLC, ("Plaintiff") has filed a Response. Doc. 15. LIUNA filed a Reply. Doc. 19. Plaintiff filed a Sur-Reply. Doc. 22. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 13.

## LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(1) provides for a motion to dismiss based on a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic

Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

Upon considering a motion to dismiss a federal "court must accept as true all of the allegations in a complaint" that are applicable to legal conclusions. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). However, pleadings which present "no more than conclusions, are not entitled to the assumption of truth." Id.

Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 127 S. Ct. at 1964-65. See also Gregory v. Dillard's, Inc., 2009 WL 1290742 (8th Cir. May 12, 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.'") (quoting Stalley v. Catholic Health Initiative, 509 F.3d 517, 521 (8th Cir. 2007)).

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 127 S. Ct. at 1965 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

To the extent it has been argued that <u>Twombly</u> is applicable only in the anti-trust context, the Court in <u>Iqbal</u>, 129 S.Ct. 1937, made it clear that <u>Twombly</u> is applicable in the broader context.

## BACKGROUND

In an affidavit, attached to its Response to the pending Motion to Dismiss, Plaintiff's division president states that Plaintiff has changed its name to Pulte Homes of St. Louis, LLC. In its First Amended Complaint Plaintiff alleges that its claims involve unlawful secondary activity in violation of § 8(b)(4) of the National Labor Relations Act, codified as 29 U.S.C. § 158(b)(4), and § 187 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 187; that its claims also involve tortious interference with business expectancy and unlawful conversion; that on October 19, 2009, as part of its ongoing campaign to unionize certain contractors and subsidiaries with whom Pulte Homes, Inc. ("Pulte") does business, and to force those subsidiaries and contractors to exclusively use union subcontractors, LIUNA engaged in a concerted attack against Plaintiff and its employees; that these acts included assault, battery, theft, destruction of properly, and other unlawful activities; that Pulte, the largest new home builder in the United States, operates in multiple locations throughout the United States; that Plaintiff is a builder of new homes in the St. Louis area and is a subsidiary of Centex, which became a wholly-owned subsidiary of Pulte after Centex merged with Pulte in August 2009; that Pulte does not directly engage in home construction as construction activity is performed by contractors, including Pulte Building Systems, L.L.C., ("PBS"), an independent subsidiary of Pulte; that many or Pulte's contractors and subcontractors are not unionized; that, for at least two years, LIUNA has engaged in a campaign aimed at organizing employees of Pulte's contractors and employees of PBS; that LIUNA's leadership in Washington, D.C., orchestrated, authorized, and instructed LIUNA members to engage in the conduct subsequently described at the Doubletree Hotel, in Chesterfield, Missouri, as part of its campaign;

that on October 19, 2009, approximately fifty of Plaintiff's employees attended a private meeting conducted by Richard Dugas, the Chief Executive Officer of Pulte, in a conference room on the premises of the Doubletree Hotel, in Chesterfield, Missouri; that the purpose of the meeting was for Mr. Dugas to meet Plaintiff's employees and discuss recent developments affecting the companies; that minutes after the meeting began, while Mr. Dugas was speaking to the attendees, approximately one hundred individuals wearing orange-colored clothing with LIUNA's label, "LIUNA," along with an individual wearing a "rat" costume, entered the room; that these individuals loudly chanted "shame on you," in unison; that multiple individuals held signs referring to alleged low hourly wages paid by Pulte and accused Pulte of selling poorly constructed houses; that none of the LIUNA members who entered the room made reference to any dispute with Plaintiff, nor did any of their signs; that LIUNA members who entered the room at the Doubletree Hotel surrounded various attendees and, among other things, intimidated and threatened them; that the disruption caused Plaintiff to adjourn the meeting to a different location; that the LIUNA members physically attacked one of Plaintiff's employee as he was leaving the room and attacked another in the parking lot; that LIUNA's primary dispute is with PBS and Pulte or PBS's contractors; that Plaintiff is a neutral employer for purposes of the LMRA; that LIUNA's conduct at the Doubletree Hotel, as described above, was for an unlawful object under § 8(b)(4) of the NLRA, including but not limited to pressuring Plaintiff, a neutral employer, to pressure Pulte and/or PBS to cease doing business with contractors, including PBS, who are not signatories to a LIUNA contract; and that LIUNA's conduct constitutes an illegal secondary boycott which violates § 8(b)(4) and § 187.

## DISCUSSION

LIUNA contends that Plaintiff's First Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6), for lack of jurisdiction and for failure to state a claim, respectively.

4

In particular, LIUNA contends that Plaintiff invokes this court's jurisdiction based on is allegation, in Count I, that LIUNA violated § 8(b)(4) of the NLRA and § 187 of the LMRA by engaging in an unlawful secondary boycott and that, because Plaintiff has failed to allege the elements for a cause of action for an unlawful secondary boycott, the court should decline to assert pendent jurisdiction over Plaintiff's State law claims.

Section 8(b)(4) provides, in relevant part:

(b) Unfair labor practices by labor organization

It shall be an unfair labor practice for a labor organization or its agents–

(4) (i) to engage in, or to induce or encourage any individual employed by any person engaged in commerce or in an industry affecting commerce to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services; or (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is–

    (A) forcing or requiring any employer or self-employed person to join any labor or employer organization or to enter into any agreement which is prohibited by subsection (e) of this section;

    (B) forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person, or forcing or requiring any other employer to recognize or bargain with a labor organization as the representative of his employees unless such labor organization has been certified as the representative of such employees under the provisions of section 159 of this title: Provided, That nothing contained in this clause (B) shall be construed to make unlawful, where not otherwise unlawful, any primary strike or primary picketing;

    (C) forcing or requiring any employer to recognize or bargain with a particular labor organization as the representative of his employees if another labor organization has been certified as the representative of such employees under the provisions of section 159 of this title;

    (D) forcing or requiring any employer to assign particular work to employees in a particular labor organization or in a particular trade, craft, or class rather than to employees in another labor organization

or in another trade, craft, or class, unless such employer is failing to
conform to an order or certification of the Board determining the
bargaining representative for employees performing such work:

Section 8(b)(4) "prohibit[s] only 'secondary' objectives" on the part of a labor organization.
See National Woodwork Mfrs. Ass'n v. NLRB, 386 U.S. 612, 620 (1967).

Section 187 of the LMRA incorporates by reference § 8(b)(4) and provides that whoever is
injured in his business by reason or any violation of § 8(b)(4) may bring a private cause of action in
federal court.

The court finds that Plaintiff's First Amended Complaint provides LIUNA with notice of the
grounds upon which Plaintiff seeks relief, which is specific conduct on the part of LIUNA in violation
of § 8(b)(4) and § 187, as set forth above. See Twombly, 127 S.Ct. at 1964-65.  In this regard,
Plaintiff has alleged facts sufficient to raise a right to relief under § 8(b)(4), and § 187. See id.  As
such, the court finds that LIUNA's Motion to Dismiss should be denied.  The court notes, however,
that whether Plaintiff is a secondary employer is a matter which can be addressed pursuant to a
motion for summary judgment after the parties have had the opportunity to conduct discovery.[1]

While Count I of Plaintiff's Complaint alleges a violation of the federal law, the remaining
Counts of Plaintiff's Complaint allege causes of action pursuant to State law.  In the event the court
would determine that it does not have subject matter jurisdiction over Count I, the court would have

---

[1]        The court notes that common ownership is insufficient to establish that an employer
is a primary and not a secondary. See Electrical Workers Local 2208 , 285 NLRB 834, 838 (1987).
The critical concern is the degree to which an alleged secondary employer's business is related to and
integrated with that of the primary employer. NLRB v. Teamsters Local 810, 460 F.2d 1, 5 (2d Cir.
1972); Teamsters, Local 639 (Poole's Warehousing, Inc.), 158 NLRB 1281, 1286 (1966).  The
particular factors to consider are: (1) common ownership; (2) common management; (3) centralized
control of labor relations; and (4) interrelationship of operations. Pickens-Bond Constr. CO. v. United
Bhd. of Carpenters and Joiners, 586 F.2d 1234, 1241 (8th Cir. 1978).

to determine whether it should exercise pendent jurisdiction over Plaintiff's State law claims. See e.g., Federal Prescription Serv., Inc. v. Amalgamated Meat Cutters, 527 F.2d 269 (8th Cir. 1975).

Accordingly,

**IT IS HEREBY ORDERED** that LIUNA's Motion to Dismiss is **DENIED**, Doc. 7.


/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE



Dated this 17th day of February, 2010.